(September 29, 1954.)

∎

In the Matter of JANE RZEPECKA, Appellant. DAVID JADD et al., Respondents. — Appeal dismissed, without costs. Memorandum: We are of the opinion that the order denying a reargument is not appealable and therefore the appeal must be dismissed on that ground. (8 Carmody–Wait on New York Practice, § 34, p. 519; *Di Martino* v. *Di Martino*, 277 App. Div. 891; *Bendon Holding Corp.* v. *Rodner*, 242 App. Div. 233, 237; *Weiss* v. *Weiss*, 225 App. Div. 700; *Gaston Koch & Co.* v. *Julette Improvement Co.*, 136 Misc. 55.) We have also examined the record of the appeal on the merits and are of the opinion that were the appeal so presented and considered we would affirm the order denying reargument. All concur. (Appeal from an order denying petitioner's application for a rehearing of a habeas corpus proceeding as a result of which petitioner's writ was dismissed and the child awarded to the custody of the respondents.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ. [See *post*, p. 1030.]

∎

REBECCA CLARK, Appellant, v. MAUD M. KING, as Executrix of JAMES W. MANGAN, Deceased, Respondent.— Judgment and order reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: We think that plaintiff-appellant made out at least a prima facie case on the question of indebtedness of the testator to her for work, labor and services as a housekeeper for the period not barred by the Statute of Limitations and that question should have been submitted to the jury. We also think that the court erred in excluding the testimony of Florence Clark as to the reasonable value of services as housekeeper in the community in which testator lived. Even without such evidence the testimony of the witness Bonafede was sufficient to permit the jury to arrive at the reasonable value of the services performed. The court should not have dismissed the complaint as a matter of law. All concur. (Appeal from a judgment and order of Seneca Surrogate's Court, dismissing the complaint in an action to recover the value of services alleged to have been performed by plaintiff for decedent during his lifetime.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.

∎

DOROTHY A. HERLE, an Infant, by ALBERT HERLE, Her Guardian ad Litem, Appellant, v. LAKE SHORE DRIVE-IN THEATRE INCORPORATED, Respondent, et al., Defendants.— Judgment affirmed, without costs of this appeal to any party. All concur. (Appeal from a judgment dismissing the complaint as against defendant theatre corporation in an action for damages for personal injuries alleged to have been sustained by the infant plaintiff by reason of the negligent operation of a drive-in theatre.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.

∎

GENE L. HERLE, an Infant, by ALBERT HERLE, His Guardian ad Litem, Appellant, v. LAKE SHORE DRIVE-IN THEATRE INCORPORATED, Respondent, et al., Defendants.— Judgment affirmed, without costs of this appeal to any party. All concur. (Appeal from a judgment dismissing the complaint as against defendant theatre corporation in an action for damages for personal injuries

alleged to have been sustained by the infant plaintiff by reason of the negligent operation of a drive-in theatre.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.

∎

SAMUEL GOLDMAN et al., Copartners Doing Business as LAKE ERIE SMELTING CO., Respondents, v. SABIN METAL CORP., Appellant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment for plaintiffs in an action for breach of contract.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.

∎

SAMUEL BERGER, Respondent, v. AMERICAN NATIONAL FIRE INSURANCE COMPANY OF NEW YORK et al., Appellants.— Order entered August 13, 1952, affirmed, with $10 costs and disbursements. Appeal from order entered July 7, 1952, dismissed as academic. All concur. (Appeals from part of an order denying motions to strike out certain allegations in the amended complaint; also appeals from an order denying motions to strike out certain allegations in the second amended complaint, in an action to recover damages alleged to have been sustained by plaintiff because of malicious prosecution.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.

∎

RUSSELL L. BARTLETT, as Administrator of the Estate of DANIEL J. BARTLETT, Deceased, et al., Respondents, v. STATE OF NEW YORK, Appellant.— Order entered May 12, 1954, as amended by order entered July 9, 1954, further amended nunc pro tunc by inserting the words " on the law and facts " after the word " reversed ". Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ. [See 283 App. Div. 1000; ante, p. 836.]

∎

LLOYD J. HOSFORD et al., Appellants, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent.— Motion granted and appeals dismissed, with costs.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH T. KARAGA, Appellant.— Motion granted and appeal dismissed.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK MAHARTY, Appellant.— Motion granted and appeal dismissed.

∎

ALBERT E. SYMONS et al., Respondents, v. FRANK SWANN, Appellant.— Motion granted and appeal dismissed, with costs, together with $10 motion costs.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN H. MOESEL, Appellant.— Motion granted and appeal dismissed.